**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Oliver Genao, *on behalf of himself and all others similarly situated*,<br><br>                                              *Plaintiffs*,<br><br>                    -against-<br><br>Furnishare Inc,<br><br>                                              *Defendant*. | **RULE 23 CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

   Plaintiff Oliver Genao ("Plaintiff" or "Genao"), on behalf of himself and all others similarly situated, brings this action for damages and other legal and equitable relief against defendant Furnishare Inc ("Defendant" or "Furnishare"), upon personal knowledge as to himself and upon information and belief as to others, as follows:

   1. Plaintiff and the proposed class worked for Defendant moving furniture in the State of New York with titles including associate and operations supervisor, performing almost entirely physical labor, and being paid bi-weekly.

   2. Plaintiff Genao began his employment working out of one of Furnishare's warehouses located at 4100 West Side Avenue, North Bergen, New Jersey 07047 and delivering and picking up furniture from customers in New York County from December 2017 to April 2021 and was paid bi-weekly at all times.  Genao and other Manual Workers need to be paid weekly to keep up with day to day expenses such as housing and transportation costs, groceries, utilities, and other regular bills, and in order to obtain the full value of their earned wages as due.  Furnishare violated New York State Labor Law ("NYLL") by not paying their Manual Workers on a timely and weekly basis as required.

## PARTIES

1. Plaintiff Oliver Genao is an adult, over eighteen years old, a citizen of New Jersey and resides in Essex County, New Jersey.

2. Plaintiff and the Proposed Class were, throughout their entire employment with Defendant, covered, non- exempt employees within the meaning of the NYLL. As such, Plaintiff is, and was, entitled to be paid in full for all hours worked, on a weekly basis.

3. Defendant Furnishare Inc is a foreign business corporation formed in New York County and organized and existing under the laws of the State of Delaware with a principal place of business at 750 Lexington Avenue, Floor 9, New York, New York 10022 and a service of process address in the care of Incorporating Services, Ltd. at 3500 South Dupont Highway, Dover, Delaware 19901.

4. Defendant is considered a large employer, having at least 11 or more employees during the duration of Plaintiffs' employment.

5. Defendant maintained control, oversight, and direction over Plaintiffs in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

6. Defendant, by virtue of ownership, management, and control over the wages and work of Plaintiffs, is considered an employer under the NYLL §190(3).

7. Defendant applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to frequency of payment of wages.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

9. This court also has diversity jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the opposing parties since Plaintiff Genao resides in New Jersey, other members of proposed class are citizens of New York State or New Jersey, while Defendant Furnishare, Inc. is a citizen of Delaware, pursuant to § 1332(c)(1).

10. There are over 200 members in the proposed class.

11. Defendant is subject to personal jurisdiction in New York as it does business in New York.

12. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## FACTS

13. Furnishare, Inc. operates a secondhand furniture business where its customers buy and sell furniture in New York State. Furnishare provides an online marketplace for the furniture, and its employees pick up, deliver, and store furniture to support the business.

14. Furnishare, Inc. does business under the name Kaiyo.

15. Furnishare is an employer of Plaintiff under the New York Labor Law.

16. Furnishare employees drive moving vans and pickup and deliver furniture primarily in New York County and other areas of New York City. When Plaintiff started there were about 15-20 employees doing this, and when he left there were about 30.

17. Defendant had and continues to have the power to hire and fire the employees; supervise and control employee work schedules or conditions of employment; determine the rate and method of payment; and maintain employment records.

18. All of the below factual allegations are, upon information and belief, consistent among Plaintiffs and all members of the Class.

19. Plaintiff Oliver Genao worked for Defendant from December 2017 until April 2021, primarily in New York County.

20. Plaintiff would pick up a van at Defendant's warehouse at 4100 West Side Avenue in North Bergen, New Jersey 07047 and pick up and make furniture deliveries in New York City.

21. Plaintiff worked for Defendant full time, beginning as a driver's helper making $15 per hour in 2017, received a raise to $16.50 per hour in the beginning of 2018 before being promoted to Operations Supervisor while making $19.50 at the end of 2018. He received additional raises after that and additional duties but remained in the title of Operations Supervisor. At all times during the employment, including as an Operations Supervisor, the majority of Plaintiff's duties were physical non-exempt tasks primarily consisting of lifting, moving, and disassembling and reassembling furniture.

22. At all times, Defendant paid Plaintiff on a bi-weekly basis.

23. Plaintiff and proposed class members spent at least 25% of the time performing physical tasks that qualify them as Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

24. Because of Defendant's improper compensation policies, Plaintiff was deprived of timely and weekly pay, in direct violation of the NYLL.

25. This pattern of conduct was continuous throughout Plaintiff's employment.

26. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**Acute Injuries in Fact Sustained by Plaintiff as a result of Defendant's Conduct**

27. Plaintiff Genao and other similarly situated Manual Workers employed by Defendant suffered actual and acute injuries as a result of Defendant's failure to pay weekly wages. The timely payment of earned wages were and are crucial to Genao's ability to pay day to day and monthly expenses, especially due to the New York area's high cost of living. Defendant's conduct in paying Genao's wages late throughout his employment resulted in him having to pay bills late on more than one occasion.

28. Defendant's late wage payments also deprived Genao and other similarly situated Manual Workers of the time value of their earned money, resulting in tangible financial loss calculated as interest and in other amounts; and loss in the form of the negative impact on their ability to save, invest, and plan for the future. Defendant reaped large rental fees from its customers as a direct result of its Manual Workers' labor, taking in hundreds of millions in revenue, while unlawfully withholding from and paying late its employees who are least able to weather these unjust delays.

**RULE 23 CLASS ACTION ALLEGATIONS**

29. The Proposed Class is defined as:

> All associates, operations supervisors, and employees with yet to be determined job titles performing physical tasks working for Furnishare, Inc. in the State of New York between the date six years preceding the filing of this complaint and the date a class is certified in this action.

30. The members of the Proposed Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

31. There are more than 200 class members and the Plaintiffs' claims are typical of those other members, in that any one would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

32. Plaintiffs and the Proposed Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct.

33. Defendant's corporate-wide policies and practices affected everyone who worked in every store in the same way.

34. Plaintiff is able to fairly and adequately protect the interests of the Proposed Class and have no interests antagonistic to it.

35. Plaintiffs are represented by attorneys who are experienced and competent to bring this action.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

37. Common questions of law and fact exist as to the Proposed Class that predominate over any questions only affecting Plaintiffs and/or each member of the New York Class individually and include, but are not limited to, the following:

> 1. What job duties are performed by associates and operations supervisors?
>
> 2. What is the frequency of pay for the employee?
>
> 3. Does the employee spend at least 25% of the time at work engaged in physical labor?

## FIRST CAUSE OF ACTION

## ON BEHALF OF PLAINTIFF AND THE CLASS

*Violation of the New York Labor Law – Failure to Pay Timely Wages*

38. Plaintiffs re-allege and re-aver each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

39. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiffs and the Proposed Class.

40. Defendant failed to pay Plaintiffs and Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

41. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." People v. Vetri, 309 N.Y. 401, 405 (1955).

42. All of DNATA's ramp agents and baggage handlers are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

43. As such, the failure to provide wages owed to Plaintiffs and all others similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." See Caul v. Petco Animal Supplies, Inc., No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at

*4 (E.D.N.Y. Sep. 27, 2021) (citing Vega v. CM & Associates. Contr. Mgmt., LLC, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

44. Defendant's conduct also constitutes an "injury in fact" suffered by Plaintiffs under Article III that is within the federal judicial power because Plaintiffs have "suffered an injury in fact that is concrete, particularized, and actual or imminent." See Caul v. Petco (infra).

45. Due to Defendant's violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendant compensatory damages in an amount to be determined in this action, plus the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION

## ON BEHALF OF PLAINTIFF AND THE CLASS

*Violation of the New York Labor Law – Failure to Pay Wage Notice*

1. Plaintiffs re-allege and re-aver each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

2. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; *the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191*; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer;

plus such other information as the commissioner deems material and necessary. (emphasis added)

3. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

4. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

5. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

6. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiffs with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

7. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars

each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, demands judgment against Defendant as follows:

a. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Designation of Plaintiff Curtis as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

c. Compensatory damages in an amount to be determined in this action;

d. Liquidated damages permitted by law pursuant to the NYLL;

e. An award of civil penalties for the wage notice violation;

f. Prejudgment and post-judgment interest;

g. Reasonable attorneys' fees and costs of the action on the basis of being the prevailing party in a NYLL action to recover wage underpayments; and

h. A jury trial on these issues to determine liability and damages;

i. Such other relief as this Court shall deem just and proper.

Dated: New York, NY
September 6, 2022

*Respectfully Submitted,*

_____
Mohammed Gangat, Esq.
LAW OFFICE OF MOHAMMED GANGAT
675 Third Avenue, Suite 1810,

New York, NY 10017
718-669-0714
mgangat@gangatpllc.com